## Root v. Gay.

64 398
83 10
64 399
118 135

1. **Practice in Supreme Court**: FINDING OF COURT TREATED AS VERDICT OF JURY. Where a law action is tried to the court, the finding of the court has the effect of a verdict, and it cannot be disturbed unless there is such a want of evidence to support it as to raise the presumption of a prejudiced and dishonest exercise of discretion; and that is not so in this case.

2. **Exemption from Execution**: HORSES AND WAGON OF LIVERY-STABLE KEEPER. One who is engaged in the livery business may be a laborer, and if he in that business uses a team of horses and a wagon, or other vehicle, and thereby habitually earns his living, the same is exempt from execution, under section 3072 of the Code.

3. ———: PARTNERSHIP PROPERTY: WHAT IS NOT. Where two persons were engaged in the livery business, each individually owning a portion of the property used therein, the only community of interest being in the profits, the property was not partnership property in such sense as to prevent the owners from claiming it as exempt from execution.

*Appeal from Appanoose Circuit Court.*

FRIDAY, SEPTEMBER 19.

THE defendant, as sheriff, under two writs of attachment, levied on the property in controversy, consisting of two horses, a one-seated top buggy and a buffalo robe, and the plaintiff seeks in this action to recover said property, on the ground that it was exempt from execution. Trial to the court, judgment for the plaintiff, and the defendant appeals.

*George D. Porter*, for appellant.

*Tannehill & Fee*, for appellee.

SEEVERS, J.—I. The principal error relied on is that the judgment is contrary to the evidence. The finding of the court stands and has the effect of a verdict, and it cannot be disturbed unless there is such a want of evidence to support it as to raise the presumption of a prejudiced and dishonest exercise of dis-

1. PRACTICE in supreme court: finding of court treated as verdict of jury.

cretion. *Vogel v. Wadsworth,* 48 Iowa, 28. Counsel say that this case was decided under the Revision, and that such is not the law under the Code. This is a mistake. The case cited was decided under the Code, and has been followed in many other cases.

The wife of the defendant owned a house, and kept a boarding house, or hotel, in May, 1882, and afterwards; and the plaintiff to some extent assisted her in carrying on such business. He at that time, and up to October, 1882, was in the hardware, flour and feed business. About the last date he sold out, and entered into the livery business, and the property in controversy was used in said business. The levy was made in December, 1882, and the plaintiff was the head of a family. To say the least, there was evidence tending to show the foregoing facts, and also the further fact that the plaintiff habitually earned his living by the use of the property in controversy.

The Code provides that the team, consisting of two horses, and the wagon or other vehicle, with the proper harness or

2. EXEMP-
TION from
execution:
horses and
wagon to
livery-stable
keeper.

tackle, by the use of which the debtor, if a physician, public officer, farmer, teamster or other laborer, habitually earns his living, is exempt. Code, § 3072. That one who is engaged in the livery business is or may be a laborer, and if he in that business uses a team of horses and wagon or other vehicle, and thereby habitually earns his living, the same is exempt, there is no doubt. The contention of the counsel for the defendant, as we understand, is, that the plaintiff did not habitually earn his living by the use of the team. As was said in *Bevan v. Hayden,* 13 Iowa, 122. "The question of exemption, under the evidence, is left in much doubt. If the verdict of the jury had been the other way, its disturbance on the ground that it was not fairly supported by the evidence would have been very questionable, if not quite unjustifiable. We are inclined to the same opinion in its present form. The question is not as to a mere preponderance of the evidence, but whether the

Jamison v. Miller.

verdict of the jury was so manifestly and clearly against the weight of the evidence as would authorize us to overrule the exercise of discretion of the court below." The question in the case from which this quotation is made was in relation to the exemption of property, and the doubt as to the correctness of the finding in that case was as great as in this. Following it, and bearing in mind the established rule that exemptions should be liberally construed, we cannot disturb the finding because it is not supported by the evidence.

II. The defendant insists that the property in question belonged to a partnership, and, therefore, was not exempt. Counsel claim that the great and decided weight of authority is in favor of this proposition. We do not feel called on to determine this question, but, for a collection of authorities relating thereto, see Thompson on Homesteads and Exemptions, sections 203 to 216, inclusive, and notes. The evidence shows that the plaintiff and one Stickler were interested in the livery business, each being entitled to half of the profits. But the property did not belong to both jointly. The property in controversy belonged to the plaintiff, and Stickler individually owned other property in the business. The only community of interest was in the profits. We therefore do not think the property in controversy was partnership property in such sense as to prevent the owner from claiming it as exempt from execution. This discussion disposes of all the assignment of errors urged by counsel. It is suggested that the court erred in the admission of evidence, but no reasons are advanced in support of the suggestion.

3. ——: partnership property: what is not.

AFFIRMED.