In re Estate of F. R. McClellan.

Maud E. Hart, Appellant, v. Sarah A. McClellan et al.,
Appellees.

**EXECUTORS AND ADMINISTRATORS:** Allowance to Widow—
1  **Excessiveness.** The twelve months' allowance to the widow
   should be in such sum as will support her in the position oc-
   cupied by herself and husband, and in keeping with the man-
   ner in which the family lived prior to the husband's death, due
   consideration being given to the size of the estate and the
   claims of creditors.

**DESCENT AND DISTRIBUTION:** Exempt Property—Automobile.
2  An automobile which was never used to *any* extent by the
   deceased to earn his living may not be set off to the widow as
   exempt property.

*Appeal from Polk District Court.*—Thomas J. Guthrie,
Judge.

November 15, 1919.

Appeal from an order of the court fixing the one year's
allowance to a widow, and directing an automobile to be
turned over to her as exempt property.—*Affirmed in part;
reversed in part.*

*C. J. Lynch,* for appellant.

*Miller & Wallingford,* for appellees.

Stevens, J.—I.   On February 2, 1918, appellee, who is the surviving widow of F. R. McClellan, who died in Polk County, January 15, 1918, obtained an order of the probate court of Polk County for an allowance for her year's support of $200 per month.   She had no family, and resided in the home formerly occupied by herself and husband. The estate, in addition to the residence, which was sold about six months after the death of her husband for $8,500, consisted largely of moneys and credits, and was of the approximate aggregate value of $40,000. On February 15, 1918, the court also found that a Buick automobile belonging to deceased, valued at $600, was exempt to him while the head of a family, and ordered the same turned over to appellee.   On March 13, 1918, Maud E. Hart, appellant, who is the daughter of deceased by a former marriage, and his sole surviving heir at law, filed an application in the office of the clerk of the district court of Polk County, asking that the allowance of $200 per month, made for the support of appellee, be reduced to $100 per month, and alleging that the automobile was not used by her father with which to make a living, and that same was not, therefore, exempt, and asked that the order setting the same aside to the widow be canceled, and the automobile placed with the general assets of the estate. Upon hearing, the application as to both of said matters was overruled, from which ruling Maud E. Hart appeals. Appellee had no other property, except a few hundred dollars, was 59 years of age, and unaccustomed to earning her own living.   She formerly resided with her husband upon a farm near Stanwood, Iowa, but, for a few years prior to her husband's death, had lived in Des Moines.

1. EXECUTORS AND ADMINISTRATORS: allowance to widow: excessiveness.

The allowance is rather large, but there was a great advance in the cost of living within the year following the death of her huband.   The matter rested largely in the dis-

cretion of the probate court. The statute contemplates that such an allowance will be made as will be sufficient to support the surviving widow for a period of twelve months in the position occupied by herself and husband, and in keeping with the manner in which the family lived prior to the husband's death. Of course, the amount of property and the claims of creditors should be considered, and the allowance should not be out of proportion to the amount of the estate. The estate is a substantial one, and the allowance is not out of proportion to its value, or the reasonable necessities of the widow. The matter rested largely in the discretion of the trial court, and no abuse thereof is shown. *Rankin v. Rankin,* 158 Iowa 488.

II. It appears from the evidence that deceased, after retiring from the farm, moved to Des Moines, and built the home where he resided at the time of his death. He was engaged in no business, and lived from the income of his estate. Occasionally, he made business trips with the automobile, performed some small service for others, for which, so far as the evidence shows, he received no compensation, and also used the automobile in going to and returning from market, with groceries and other merchandise required for use in the family; but no evidence was offered showing that he earned his living by the use thereof.

2. DESCENT AND DISTRIBUTION: exempt property: automobile.

We held, in *Lames v. Armstrong,* 162 Iowa 327, that an automobile used by the head of a family in earning a living is a vehicle, within the meaning of the statute, and, therefore, exempt from execution. The record does not, however, disclose that deceased at any time received compensation for the use of the automobile, or earned any part of his living therewith. The car was used for convenience or pleasure, and not for the purpose of earning a living. Deceased, at no time since he moved to Des Moines, followed the occupation of a "teamster or other laborer," within the meaning

of this language as used in Section 4008 of the Code. The exemption of a vehicle under the above statute is to the head of a family using the same for the purpose of earning a living. It is true, we held in *Consolidated Tank-Line Co. v. Hunt*, 83 Iowa 6, that it is not material that the debtor does not wholly earn his living by the use of a team and wagon, but it must, nevertheless, be used for that purpose. In the absence of proof that deceased earned some portion of his livelihood by the use of the automobile, we cannot hold that same may be claimed by the widow as exempt property. None of the cases cited sustain appellee's claim to the exemption. It follows that the order of allowance for the year's support of the widow will stand, but the order directing the automobile turned over to the widow as exempt property is reversed.—*Affirmed in part; reversed in part.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.