RAY WATERHOUSE, Appellant, v. G. J. JOHNSON et al., Appellees.

**EXEMPTIONS:**   Property Exempt—Automobile.   An automobile is exempt to a laborer who, being engaged in the actual physical labor of laying farm tile as a business, habitually employs said automobile in daily transporting himself and his tools to and from his various places of work.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

SEPTEMBER 19, 1922.

THIS is an action brought by plaintiff against the sheriff of his county and an execution creditor, to recover possession of his automobile, which the defendant sheriff had taken under a levy of execution, and which the plaintiff claims as exempt. The right of exemption was challenged in the answer of the defendants. At the close of the evidence, the trial court directed a verdict for the defendants. The plaintiff appeals.—*Reversed.*

*Kirkland & White,* for appellant.

*Tobin, Tobin & Tobin,* for appellees.

EVANS, J.—The evidence tended to show that the plaintiff was a laborer, within the meaning of the exemption statute, Code

Section 4008. For the purpose of defendants' motion for a directed verdict, therefore, he must be assumed to have been such. In the ruling adverse to him, the trial court assumed him to be such. The one question presented is whether the automobile in question was exempt to the plaintiff, as such laborer, under the provisions of our exemption statute, which is as follows:

"If the debtor is a resident of this state and the head of a family, he may hold exempt from execution the following property: All wearing apparel of himself and family kept for actual use and suitable to their condition, and the trunks or other receptacles necessary to contain the same; one musket or rifle and shotgun; all private libraries, family Bibles, portraits, pictures, musical instruments and paintings not kept for the purpose of sale; a seat or pew occupied by the debtor or his family in any house of public worship; an interest in a public or private burying ground, not exceeding one acre for any defendant; two cows and two calves; fifty sheep and the wool therefrom and the materials manufactured from such wool; six stands of bees; five hogs, and all pigs under six months; the necessary food for all animals exempt from execution, for six months; one bedstead and the necessary bedding for every two in the family; all cloth manufactured by the defendant, not exceeding one hundred yards in quantity; household and kitchen furniture, not exceeding two hundred dollars in value; all spinning wheels and looms; one sewing machine and other instruments of domestic labor kept for actual use; the necessary provisions and fuel for the use of the family for six months; the proper tools, instruments or books of the debtor, if a farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher or professor; if the debtor is a physician, public officer, farmer, teamster or other laborer, a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living * * *."

The automobile in question was a two-seated Ford car, of the value of $200. The plaintiff was engaged in the business of laying tile drain upon the farms of others. He himself engaged in the physical labor thereof. He had to be transported daily back and forth between his place of work and his home. He

lives on a 5-acre tract of ground, about 5 miles from the town of Urbana. The distance between his home and the usual places of work varied from 2 or 3 miles to 10 or 12 miles. The exigencies of his work required him to board and lodge at home. He usually drove back and forth every night and morning. We infer from the record that it was not safe for him to leave his tools upon the ground when he left his work, and it was not practicable to convey them back and forth, except by conveyance. In *Roberts v. Parker,* 117 Iowa 389, we held that a bicycle was exempt to a painter, who used the same in going to and from his work as a painter. We held that a bicycle came within the meaning of the term "vehicle," as used in the statute. We held, also, that its use by the painter in conveying him to and from his work was a use within the provisions of the exemption statute. In *Lames v. Armstrong,* 162 Iowa 327, we held expressly that an automobile was a vehicle, within the meaning of the exemption statute, and that, where it was habitually used by a laborer in making his living, it was exempt to him. We held also in that case that a general insurance agent, whose duties required him to travel over his territory, comprising ten counties, was a laborer, within the meaning of the statute. In *Hart v. McClellan,* 187 Iowa 866, we denied the claim of exemption of an automobile, on the ground that the owner had not used the same in making his living. The implication of that opinion was that the automobile would have been exempt if the owner had brought himself within the class of persons described in the statute.

If we are to follow these precedents, as we think we ought, we are bound to hold with the plaintiff herein. We do not thereby pass upon the facts, but hold only that the defendant was not entitled to a directed verdict.

The contrary argument presented by appellee is, in substance, that the use of an automobile as a mere conveyance for transporting a laborer to and from his work is not a part of his work, within the statutory meaning, and is not a use thereof by the owner for the purpose of making a living; that, if an automobile is exempt upon such grounds, it necessarily follows that all automobiles are exempt to every person using the same in any occupation, provided he can bring such occupation, by con-

struction, within the enumeration of the statute. There is much force in the argument. Whether our previous decisions are strictly correct in principle is fairly debatable. The writer hereof is quite skeptical thereon. But we are foreclosed from reopening that question. So far, the cases before us have involved modest values, consonant with the spirit and frugality of the exemption statute. What these precedents may logically force upon us in a future case, where a claim of exemption for a $10,000 automobile may happen to be made by some laborer or teamster or traveling agent, is a contemplation not wholly painless to the writer hereof. He can only trust that, before that time, the legislature will have awakened to the importance of fixing a limitation of value upon automobile exemptions.

We think it must be said that the automobile of modest value has become a substantial aid to the efficiency of all persons engaged in the occupations defined by the exemption statute. In that regard, our previous holdings respond to the spirit of the statute. It is within the power of the legislature to set a limit upon the value to which exemption may be claimed, and it is to be hoped that such power will be exercised.

In obedience to our precedents, we necessarily hold that the defendant was not entitled to a directed verdict. The judgment below is, accordingly,—*Reversed*.

Stevens, C. J., Arthur and Faville, JJ., concur.