H. J. WERTZ, Appellee, v. W. A. HALE, Appellant.

OCTOBER 23, 1928.

*Underhill & Miller,* for appellant.

*Prichard & Prichard,* for appellee.

FAVILLE, J.—I. This is the second appeal of this cause, the opinion in the former case being reported in 202 Iowa 305. A judgment had been entered in the district court of Monona County against the appellee, Wertz. Execution was issued on said judgment, and levy made upon a Ford roadster belonging to appellee. Hale, as the sheriff of said county, levied said execution. The appellee claims in this action that the roadster was exempt from execution. Section 11760, Paragraph 18, Code of 1924, exempts to a "farmer, teamster, or other laborer * * * the wagon or other vehicle * * * by the use of which he habitually earns his living." Appellant contends that, under the evidence in the case, the appellee failed to show that the car in question was one by the use of which he habitually earned his living. The appellee was a married man; and at the time in question was engaged in farming, also in doing work on the roads, and some work with a team, and had charge of the streets in the town of Soldier. He had horses and harness and a wagon. His conten-

tion is that he did not claim the wagon as exempt, but that he claimed the roadster as the vehicle exempt to him. There was evidence in the record tending to show the use which the appellee made of the roadster in question in his business as a farmer and laborer. The record, we think, presented a question for the jury, to determine whether or not, under the evidence, it was shown that the roadster in question was exempt to the appellee, within the purview of the statute. We are of the opinion that the evidence is not so lacking in support of the appellee's contention in this regard that the court should have set aside the verdict of the jury, or granted a new trial.

II. It is contended that the court erred in the admission of certain testimony. The matter arises in this way: Upon the former trial and upon this trial, the sheriff testified that, at the time he made one levy of execution upon certain property of the appellee's, the appellee, in a conversation with the sheriff, claimed a wagon as exempt to him, and that the sheriff did not levy upon said wagon. He afterwards levied execution upon the roadster in question. The appellee did not deny the purported conversation with the sheriff upon the first trial. Upon the second trial, from which this appeal is taken, he did deny the conversation with the sheriff in regard to his having claimed the wagon as exempt from execution. During the cross-examination of the appellee, counsel for the appellee made the following statement:

"Let the record show that, at the former trial, Mr. Wertz did not testify in regard to his conversation with Mr. Neal [the sheriff] as to what his exemptions were; that he was not asked any questions in regard to that matter, either upon cross-examination or upon direct; that the record is entirely silent as to any testimony of his as to that particular matter."

Thereafter, on redirect examination, the following took place:

"Q. Mr. Wertz, during the progress of the trial you may state to the jury whether or not you told your attorneys what you have told here. (Objected to as incompetent, irrelevant, and immaterial,—not bearing on the issues in this case.)

"Court: Having reference to—

"Counsel for Plaintiff: In reference to this exemption.

Conversation with the sheriff as to his exemptions, whether he told us about what he just testified to or not.

"Court: All right, let him answer. (Defendant excepts.)

"Q. You can answer, the court says, whether you told your attorneys about it. You understand, Mr. Wertz? A. Yes,—I don't know. Q. You may refresh your memory, if you can, Mr. Wertz. You remember when Mr. Neal was testifying before? A. I believe I do. I remember he testified. I don't think I re-member what he testified about the exempt property. I talked with my attorneys about this suit before I brought it, and after-wards. I was here during the trial of the case, present in the court room, and heard the testimony of Mr. Neal. Q. You re-member that—Now, the following question was asked of Mr. Neal: 'Q. Isn't this what he said?' Mr. Neal had just testified in regard to your claiming an exemption, and he was asked this question: 'Q. Isn't this what he said: If they were not mort-gaged, and he had to claim an exemption, he would claim the team?' From whom did I get that fact,—did you tell me about that? (Objected to as incompetent, irrelevant, and immaterial as to what this witness told his attorney in this action; it is im-proper, and it is leading and suggestive.)

"Court: Sustained. (Plaintiff excepts.)

"Q. Now, at that time, when this witness was being exam-ined, or prior thereto, did you explain to me and tell me what had been said by you to the sheriff? (Same objection as last above was made by counsel for defendant.)

"Court: Let's get over it. (Defendant excepts.)

"A. I believe I do, since you have refreshed my memory about it there. Q. But when you went on the stand, you were not asked those questions at all, were you? (Objected as in-competent, irrelevant, and immaterial to the issues in this case, as to whether he was asked those questions or not. Objection overruled. Defendant excepts.) A. I don't think so. I do not remember of being asked the question."

While this record is somewhat ambiguous, we think, upon the whole, that it carried to the jury the testimony of the ap-pellee to the effect that he had previously told his attorneys the same story that he was now reciting as a witness. This clearly was an attempt at self-corroboration, and the evidence was in-admissible, and the ruling of the court erroneous. 40 Cyc. 2787;

*Rhutasel v. Stephens,* 68 Iowa 627; *State v. Porter,* 74 Iowa 623. Because of the admission of such testimony, the case must be, and it is,—*Reversed.*

STEVENS, C. J., and ALBERT, KINDIG, and WAGNER, JJ., concur.