H. J. WERTZ, Appellee, v. W. A. HALE, Appellant.

No. 40082.

February 18, 1930.

Opinion on Rehearing January 20, 1931.

Rehearing Denied April 11, 1931.

Underhill and Miller, for appellant.

Prichard & Prichard, for appellee.

Albert, J.—This is the third appearance of this case in this court and the fourth opinion to be written therein. Wertz v. Hale, 202 Iowa 305; Wertz v. Hale, 206 Iowa 1018; Wertz v. Hale, 229 N. W. 215. A rehearing was granted and the opinion last written withdrawn upon the ground that it misinterpreted the record as stipulated by the parties upon the trial below. A jury was waived and the cause submitted to the court upon the pleadings and the stipulation of the facts, which, so far as material, is as follows:

"That one, E. C. Junger, was and is the holder of a judgment against the plaintiff, H. J. Wertz; that under and by virtue of an execution issued on said judgment from the office of the clerk of this court, the deputy sheriff of Monona County, Iowa, went to the Town of Soldier, Iowa, on December 14, 1923, to levy upon property belonging to said H. J. Wertz; that the deputy sheriff told said Wertz at that time that he might claim certain exemptions as a married man and the head of a family, and that said Wertz thereupon told said deputy sheriff, C. W. Neal, that he claimed a certain team of horses and the harness

therefor as exempt property, and pointed out to the deputy sheriff this property that he claimed as exempt; that the deputy sheriff observing and respecting said claim did not levy upon the said team of horses and harness claimed as exempt; that on the following day, December 15, 1923, the said deputy sheriff under and by virtue of the same execution, levied on the Ford roadster now in controversy and referred to in the pleadings, and that the said H. F. Wertz in written notice served on said sheriff on December 18, 1923, claimed said Ford roadster to be exempt to him as a vehicle; that said H. J. Wertz was and is the head of a family, and a resident of the State of Iowa, County of Monona, and used said Ford roadster so that he would be entitled to claim it as exempt from execution under Paragraph 18 of Section 11760 of the Iowa Code of 1927, unless he is not permitted to claim the automobile in addition to a team of horses and the harness therefor as exempt to him, and under these stipulated facts is estopped from doing so or has waived his right to do so. That said E. C. Junger furnished an indemnifying bond to the sheriff, and that said Ford roadster was then held and thereafter sold at sheriff's sale."

The question presented by the stipulation and the record on this appeal is: May a debtor, who has a team and harness, which he uses habitually to earn his living, and also an automobile, claim all of said property exempt from execution? The team and harness was claimed by the debtor, plaintiff herein, as exempt from execution and no levy was made thereon. Execution was levied upon the automobile. A written notice was thereupon served upon the sheriff by the debtor claiming the automobile as exempt. Paragraph 18 of Section 11760 of the Code of 1927 is as follows:

"If the debtor is a physician, public officer, farmer, teamster, or other laborer, a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living, otherwise one horse."

The language of the present statute is identical in substance with the similar provision of the Code of 1851. Section 1898. See also Section 3072, Code, 1873. The rule which favors a liberal construction of exemption statutes does not permit

substantial departure from the clear unambiguous language of such statutes. The legislative intent must always be recognized in the interpretation of statutes. The vehicle contemplated by the statute. was a horse drawn vehicle and one which must be used in conjunction with a team and harness or a yoke of cattle. and other tackle. This is emphasized by the further provision of. the statute that gives the same exemption to a teamster. By a teamster is meant one who habitually makes his living by the use of a team, harness and wagon or some other form of horse drawn vehicle. A farmer may habitually earn his living by the use of a team, harness and wagon. An automobile, however, if used at all by the farmer or teamster with which to habitually earn his living, must necessarily be employed without the aid or use of a team and harness. Only vehicles drawn by horses or oxen were known at the time of the enactment of Section 1898, Code of 1851. The motor vehicle is of recent origin. Mindful of the rule which sanctions the liberal construction of exemption statutes, this court has recognized the bicycle propelled by human power and the motor vehicle operated without the aid of horses or oxen and containing within itself the machinery for effective self propulsion as exempt from execution. These decisions, however, go to the very limit of liberal construction. We are asked to go further in this case and exempt to the debtor an automobile, and, in addition, a team and harness. To do so places the whole emphasis upon the word "vehicle" and ignores the plain language of the statute. The prior decisions of this court, presently to be referred to, exempting a bicycle and an automobile from execution under certain circumstances, have received the implied sanction of the legislature. Chapter 119, Laws of the Forty-third General Assembly. This act provides that a motor vehicle shall not be exempt from execution on a judgment recovered as damages occasioned by the use of such motor vehicle.

Section 3072, Code of 1873, was interpreted in Root v. Gay, 64 Iowa 399, so as to permit the debtor to claim a team and one-seated top buggy, with which he habitually earned his living, as exempt from execution. A similar question was presented in Parker v. Haley, 60 Iowa 325. Then followed Krebs v. Nicholson, 118 Iowa 134, in which we held that the debtor, who was traveling from stand to stand with a stallion for breeding pur-

poses at different places, was entitled to hold the harness and cart used as a means of conveying the debtor on these trips, exempt.

. In Roberts v. Parker, 117 Iowa 389, the court, by a divided opinion held that a bicycle used by the debtor, a paperhanger and bill poster, with which to earn a living, was exempt.

In Lames v. Armstrong, 162 Iowa 327, an automobile was held exempt to a general agent in the life insurance business, as he conducted his business and habitually earned his living therewith. The rule established by the Armstrong case was re-affirmed and held to include a laborer who habitually employed an automobile in daily transporting himself and his tools to work in Waterhouse v. Johnson, 194 Iowa 343.

In Farmers Elevator and Livestock Company v. Satre, 196 Iowa 1076, the court held that a debtor who was a farmer and who had a team, harness and wagon, might not claim a farm truck as a tool and an automobile as a vehicle exempt. There is possibly some confusion in the language of the opinion in the last cited case, but the only question really involved was as to the claimed exemption of the truck and automobile.

The question involved in In re Estate of McClellan, 187 Iowa 866, and Weaver v. Florke, 195 Iowa 1085, was whether the motor vehicles involved in those cases were exempt from execution. In none of the prior decisions of this court in which a bicycle or motor vehicle has been held to be exempt was the debtor possessed of a team, harness and wagon, or a team, harness and some other horse-drawn vehicle. There is in this case a plea of estoppel. The team and harness were allowed to appellee as exempt. If the debtor possessed the property specifically designated by the statute as exempt, he may claim such property only as free from execution. The writer of the opinion in Roberts v. Parker, supra, and one other member of the court dissented from the conclusion of the majority that a bicycle, under some circumstances, may be claimed as exempt. Construed in the light of the facts disclosed in the prior decisions of this court exempting motor vehicles, there is nothing in our present conclusion inconsistent therewith. It is, of course, true that the debtor had a right to claim the team and harness as exempt under the. statute. Only such as are provided by statute may be claimed as exempt. Appellee was entitled to claim the

team and harness as exempt upon the ground that they were used by him with which to habitually earn his living. He also had a right to claim a wagon or other animal-drawn vehicle, if one was possessed by him, as exempt.

It follows that the judgment below must be and is reversed.

STEVENS, DE GRAFF, MORLING, WAGNER, and GRIMM, JJ., concur.

FAVILLE, C. J., and EVANS and KINDIG, JJ., dissent.

EVANS, J. (dissenting).—I cannot concur in the foregoing opinion. In my judgment it is entirely out of harmony with our past decisions in the construction of the exemption statute. An enumeration of exemptions from execution is contained in Section 11760 (Paragraph 18). Included in this enumeration is a "wagon or other vehicle". We have heretofore held definitely that an automobile is an "other vehicle" within the meaning of this section. Lames v. Armstrong, 162 Iowa 327; Waterhouse v. Johnson, 194 Iowa 343. In this case the defendant had no "wagon". But he had an automobile. Exemption of the automobile is now denied to him because he had a "team and harness" for which he had claimed an exemption. The statute expressly exempts the team and harness. He was therefore strictly within his rights in claiming such exemption. The implication of the argument is that if he had not claimed the team and harness as exempt, he might claim his automobile. The statute imposes no such limitations. Under the statute the debtor was entitled to claim not only a team and harness but also "a wagon or other vehicle". He is claiming the "other vehicle". To say that the judgment debtor is barred from claiming the automobile because of his claim of exemption of his horses, and harness, is to deprive him of the benefit of the exemption statute as we have heretofore interpreted it.

FAVILLE, C. J., and KINDIG, J., join in the dissent.