In the Matter of Dayle Eugene ERICK-SON, Engaged in farming and excavating; fdba Erickson Manufacturing; Erickson Construction; Erickson Manufacturing and Lumber; and Erickson Excavating, Debtor.

Bankruptcy No. 86–1823–C.

United States Bankruptcy Court, S.D. Iowa.

July 27, 1987.

Thomas D. Hanson, Des Moines, Iowa, for debtor.

Thomas L. Flynn, Des Moines, Iowa, trustee.

Rita Harmening Pedersen, Jefferson, Iowa, for bank.

LEE M. JACKWIG, Bankruptcy Judge.

## ORDER ON OBJECTION TO DEBTOR'S LIST OF EXEMPT PROPERTY

On January 21, 1987 an objection to debtor's list of exempt property filed by the Brenton State Bank of Jefferson (Bank) filed on November 7, 1986 came on for hearing in Des Moines, Iowa. Rita Harmening Pedersen appeared on behalf of the Bank and Thomas Hanson appeared on behalf of the debtor.

The debtor filed an individual petition for relief on June 6, 1986. The debtor is a farmer. Pursuant to Iowa Code section 627.6(11)(a),[1] he claims a semi-tractor as exempt. The Bank argues that the semi-tractor is not an implement or equipment reasonably related to a normal farming operation as required by section 627.6(11)(a). The court disagrees.

---

1. Some confusion has arisen concerning the correct numbering of the subsections under Iowa Code section 627.6. The confusion apparently has resulted from the striking of former subsection 5. All Iowa statutory citations in this order are taken from the official Iowa Code (1987) unless otherwise noted.

2. Livestock and feed for the livestock may be claimed exempt along with implements and equipment but the combined value cannot exceed $10,000.00.

## DISCUSSION

### I.

■ Iowa Code section 627.6(11)(a) provides that a farm debtor may hold exempt from execution "[i]mplements and equipment reasonably related to a normal farming operation.[2] The provision goes on to provide that "[t]his exemption is in addition to a motor vehicle held exempt under subsection 9."[3] *Id.* Iowa's exemption statute is based upon the premise "that it is better that the ordinary creditor's claims should remain partially unsatisfied than that a resident of the state should be placed in such an impecunious position that he and his family become charges of the state." Note, *Personal Property Exemptions in Iowa: An Analysis and Some Suggestions,* 36 Iowa L.Rev. 76, 77 (1950). The Iowa Supreme Court has stated that the purpose of the exemption statute "is to secure to the unfortunate debtor the means to support himself and the family; the protection of the family being the main consideration." *Shepard v. Findley,* 204 Iowa 107, 214 N.W. 676, 678 (1927).

In construing section 627.6(11)(a), the court is mindful of the well-settled proposition that Iowa's exemption statute must be liberally construed. *Frudden Lumber Co. v. Clifton,* 183 N.W.2d 201, 203 (Iowa 1971). Yet, this court must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant. *Matter of Hahn,* 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980), *citing Wertz v. Hale,* 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hospital v. Long,* 234 Iowa 843, 12 N.W.2d 171 (1944).

Prior to 1981, Iowa's exemption law provided separate categories for tools of the

---

3. The "subsection 9" reference is to Iowa Code section 627.6(9) which allows debtors to claim exemptions in any combination of the following not exceeding an agreeable value of $5,000.00:
 a. Musical instruments....
 b. One motor vehicle
 c. In the event of bankruptcy, [certain accrued wages and state and federal tax refunds not to exceed one thousand dollars in the aggregate].

trade and vehicles. Section 627.6 as it existed prior to 1981 provided in part that debtors were able to claim as exempt:

(17) The proper tools, instruments, or books of the debtor, if a farmer, mechanic, surveyor, professional engineer, architect, clergyman, lawyer, physician, dentist, teacher, or professor.

(18) If the debtor is a physician, public officer, farmer, teamster, or other laborer, a team, consisting of not more than two horses or mules, or two yoke of cattle, and the wagon or other vehicle, with the proper harness or tackle, by the use of which he habitually earns his living, otherwise one horse.

In *Farmers' Elevator and Live Stock Co. v. Satre,* 196 Iowa 1076, 195 N.W. 1011 (1923), the Iowa Supreme Court ruled that a farmer could not claim a truck as a tool of trade under the then existing Iowa exemption law, quoted above. Although the court acknowledged that in a broad sense a truck was a farm implement, it found that a truck was a vehicle. The court stated:

Were it not for the specific classification in the statute of the 'proper tools, instruments, or books of the debtor, if a farmer,' and a further classification of 'the wagon or other vehicles, etc.,' the position of the [debtor] would be very convincing. But the statute mentions and classifies separately 'the proper tools, instruments,' used in the operation of the farm business and 'the wagon or other vehicle.' Undoubtedly the truck and automobile in question come within the latter classification and must therefore be considered strictly as vehicles, and not as farm tools.... The statute in plain and clear terms enumerates what is exempt to a farmer in the way of a vehicle, and the automobile and truck in question come under the classification made respecting a vehicle. We are not warranted in saying that the truck and automobile in question, or either of them, should come under the classification of tools and instruments of a farmer, when there is in the statute a specific classification under which they belong.

*Farmers' Elevator,* 195 N.W. at 1013. Relying on *Farmers' Elevator,* former Bankruptcy Judge Richard Stageman ruled that a farmer debtor could not claim a tractor-wagon combination or a truck-trailer combination as a tool of the trade. *Matter of Hahn,* 5 B.R. 242 (Bankr.S.D.Iowa 1980). At the time the *Hahn* decision was rendered, Iowa's exemption statute was essentially the same as it was when *Farmers' Elevator* was decided.

The statutory impediments that prevented the Iowa Supreme Court from permitting a debtor to claim a truck as a farmer's "tool of the trade" are no longer present under Iowa's current exemption scheme. In *Farmers' Elevator* the existence of a separate exemption category for vehicles precluded the debtor from claiming a truck as a tool of the trade. Under current law, a separate exemption category for vehicles exists under Iowa Code section 627.6(9)(b), apart from the farmer's implements and equipment exemption under section 627.-6(11)(a). Therefore at first blush, one might conclude a truck cannot be deemed a tool of the trade but rather must be relegated to the vehicle exemption under section 627.6(9)(b). However, the second sentence of section 627.6(11)(a) forestalls this conclusion. The second sentence reads: "[t]his exemption is *in addition* to a motor vehicle held exempt under subsection 9." *Id.* (emphasis added). Use of the words "in addition" and reference to the vehicle exemption under subsection 9 evinces a legislative perception that motor vehicles are to be included within the meaning of "implements and equipment" under section 627.-6(11)(a).

This conclusion is bolstered by the rule of statutory construction concerning amended legislation which provides as follows:

The courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights. The legislature is presumed

to know the prior construction of terms in the original act, and an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase. Thus, in interpreting an amendatory act there is a presumption of change in legal rights. This is a rule peculiar to amendments and other acts purporting to change the existing statutory law.

*State ex rel. Palmer v. Bd. of Sup'rs of Polk County,* 365 N.W.2d 35, 37 (Iowa 1985), *quoting* 1A Sutherland: *Statutory Construction,* § 22.30 at 178 (4th Ed.C. Sands 1973). The language in question was added to the farm exemption provision in 1981. Acts 1981 (69 G.A.) ch. 182, section 3 (then codified at Iowa Code section 627.6(10)(d)). The farm exemption statute again was amended in 1986 to its present form which of course retains the qualifying language. Acts 1986 (71 G.A.) ch. 1216, sections 4 to 6. By virtue of the amendments, the legislature intended to remove the restriction preventing farmer debtors from claiming vehicles as tools of the trade.

 Having concluded that vehicles are implements or equipment for purposes of section 627.6(11)(a), the court must address the question whether the semi-tractor is reasonably related to a normal farming operation. It is important to note that the Iowa Supreme Court in *Farmers' Elevator* stated that the debtor's argument that the truck was a farmer's tool of the trade would have been very convincing had it not been for the existence of a separate exemption category for a vehicle. *Farmers' Elevator,* 195 N.W. at 1013. Indeed, trucks play an important role in most farming operations. They are used for hauling grain, livestock and supplies. Accordingly a truck is related to a normal farming operation. Semi-tractors pulling trailers loaded with grain or livestock serve the same purposes as a truck. A semi-tractor therefore satisfies the section 627.6(11)(a) requirements.

## II.

 The Bank asserts that the debtor's exemption claim is improper under *Hahn* in that the debtor is claiming a number of sources of "motive power" as exempt. In addition to the semi-tractor, the sources include two trucks and two tractors.

The Bank's assertion fails for two reasons. First, under Iowa's present exemption statute, farmer-debtors may claim more than one vehicle (and therefore more than one "motive source") as exempt. As discussed in Part I of this order, vehicles are included within the meaning of "implements and equipment" under section 627.6(11)(a). This provision speaks of implements in the plural and the definition of equipment encompasses a number of different apparatuses used in an activity. Webster's Third New International Dictionary, 768 (1971). Consequently, more than one vehicle or source of motive power related to a normal farming operation may be claimed as exempt. Second, the court's holding in *Hahn* that only one source of "motive power" can be claimed as exempt was based on Iowa's old exemption statute. Now that the statute has been amended to remove the single vehicle proscription, *Hahn* is no longer applicable with respect to the vehicle issue.

### CONCLUSION AND ORDER

WHEREFORE, based upon the foregoing considerations, the semi-tractor is found to be a farm implement or piece of equipment for purposes of Iowa Code section 627.6(11)(a).

THEREFORE, the Bank's objection to the debtor's list of exempt property is overruled.