**In the Matter of Charles EBY, Diane K. Eby, Engaged in Farming, Debtors.**

**Bankruptcy No. 87–227–C.**

United States Bankruptcy Court,
S.D. Iowa.

July 28, 1987.

Jonathan M. Kimple, Dallas Center, Iowa, for debtors.

David A. Erickson, Trustee, W. Des Moines, Iowa.

## ORDER ON OBJECTION TO SCHEDULE B–4 PROPERTY CLAIMED AS EXEMPT

LEE M. JACKWIG, Bankruptcy Judge.

On April 15, 1987 the trustee's objection to schedule B–4 property claimed as exempt filed on March 17, 1987 came on for hearing in Des Moines, Iowa. The trustee David A. Erickson appeared and Jonathan M. Kimple appeared on behalf of the debtors. This case presents the novel and timely question of whether a personal computer is an implement or piece of equipment reasonably related to a normal farming operation for purposes of Iowa's farm machinery exemption codified at Iowa Code section 627.6(11) (1987).[1] Now that the parties have submitted briefs on the issue, the court considers the matter fully submitted. For the reasons set forth below, the court finds that the computer does qualify as a farm implement or equipment under the exemption statute.

### FACTUAL BACKGROUND

The debtors filed a joint petition for relief under Chapter 7 on January 29, 1987. The debtors are farmers. According to schedule B–4, they claim an Apple computer exempt under the farm equipment exemption pursuant to section 627.6(11).

### DISCUSSION

Iowa Code section 627.6(11) provides in part the following:

1. Some confusion has arisen concerning the correct numbering of the subsections under Iowa Code section 627.6. The confusion apparently has resulted from the striking of former subsection 5. All Iowa statutory citations in this order are taken from the official Iowa Code (1987) unless otherwise noted.

If the debtor is engaged in farming ... [the debtor may claim] any combination of the following, not to exceed a value of ten thousand dollars in the aggregate [exempt]:

> a. Implements and equipment reasonably related to a normal farming operation. This exemption is in addition to a motor vehicle held exempt under subsection 9.
>
> ....[2]

Iowa's exemption statute is based upon the premise "that it is better that the ordinary creditor's claims should remain partially unsatisfied than that a resident of the state should be placed in such an impecunious position that he and his family become charges of the state." Note, *Personal Property Exemptions in Iowa: An Analysis and Some Suggestions*, 36 Iowa L.Rev. 76, 77 (1950). The Iowa Supreme Court has stated that the purpose of the exemption statute "is to secure to the unfortunate debtor the means to support himself and the family; the protection of the family being the main consideration." *Shepard v. Findley*, 204 Iowa 107, 214 N.W. 676, 678 (1927).

██ In construing section 627.6(11)(a), the court is mindful of the well settled proposition that Iowa's exemption statute must be liberally construed. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). Yet, this court must be careful not to depart substantially from the express language of the exemption statute nor to extend the legislative grant. *Matter of Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980), *citing Wertz v. Hale*, 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hospital v. Long*, 234 Iowa 843, 12 N.W.2d 171 (1944).

██ "Implement" has been defined as "an item reasonably fitted or employed as a means of making labor more effective." *Hahn*, 5 B.R. at 245. "Equipment" was added to the farmer exemption provisions as part of the 1986 amendments to Iowa's exemption statute. 86 Acts, ch. 1216, sec-

tion 6. Webster's Third New International Dictionary 768 (1966) defines equipment as "all things used in a given worth or useful in affecting a given end." "Equipment" therefore has a broader meaning than "implement" and encompasses more items than those that make labor more effective. It need not be shown that the implement claimed as exempt be a necessity in the debtors' employment. *Baker v. Maxwell*, 183 Iowa 1192, 168 N.W. 160, 161 (1918). The proper inquiry in each case is to determine whether the items are the proper implements in the reasonable conduct of the debtors' trade or profession. *Hoyer v. McBride*, 202 Iowa 1278, 211 N.W. 847, 848 (1927).

In ruling that a cream separator is an exempt tool of the trade for a farmer, the federal district court for the Northern District of Iowa noted that the selling of cream from milk given by cows owned by farmers had become one of the recognized methods of carrying on ordinary farming in the state. *In re Hemstreet*, 139 F. 958, 960 (N.D.Iowa 1903). In the *Hahn* case, former Bankruptcy Judge Richard Stageman acknowledged that tools generally associated with mechanics and carpenters, such as welders, can be claimed exempt by farmers given that such tools are used to maintain farm equipment and buildings. *Hahn*, 5 B.R. at 245–46.

██ The trustee argues that a computer does not qualify as an exemption since a computer is not a necessity for a farmer to continue his or her operation. Based upon the principles set forth above, a computer's necessity to the debtors' employment need not be shown. Rather, all that is required to be demonstrated is that a computer be reasonably related to an ordinary farming operation. This court's experience in dealing with farms in both liquidations and reorganizations leads it to conclude that a computer satisfies this standard. In these modern and recently difficult times, farmers have been forced to pay more attention to the business aspect of farming. No longer is farming simply a matter of agronomy and animal husbandry. Now in order to survive, let alone thrive, farmers must

---

**2.** Livestock and feed for the livestock may be claimed exempt along with implements and equipment but the combined value cannot exceed $10,000.00. Iowa Code section 627.6(11).

be prepared to control costs, predict return and profit and present accurate and meaningful data to lenders. Many of the cash flow projections submitted to this court contain detailed financial information such as monthly delineations of income and expenses, rates of return on the farm investment, rates of return on farm net worth, net profit margins, debt payments as a percentage of value of production, expenses as a percentage of income and debt to asset ratios. A computer facilitates efficient compilation of this data and assists a typical farmer in decision-making. Given these considerations, a computer is as important to a farmer as implements and pieces of equipment traditionally considered related to farming such as tractors, plows and combines.

## CONCLUSION AND ORDER

WHEREFORE, based upon the foregoing, the debtors' Apple computer qualifies as an implement or a piece of equipment reasonably related to a normal farming operation pursuant to Iowa Code section 627.6(11).

THEREFORE, the trustee's objection to the exemption is overruled.