**In re Sheldon MODANSKY, Debtor.**

**Bankruptcy No. 92 B 21976 (HS).**

United States Bankruptcy Court,
S.D. New York.

Oct. 5, 1993.

Jeffrey Sapir, White Plains, NY, for Chapter 7 Trustee.

Todtman, Young, Tunick, Nachamie, Hendler, Spizz & Drogin, P.C., New York City, for debtor.

### DECISION ON OBJECTION TO EXEMPTION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Jeffrey Sapir, the trustee in this voluntary Chapter 7 case ("Trustee"), has objected to the claim by the debtor, Sheldon Modansky, that certain funds in an individual retirement account ("IRA") constitute exempt property under New York Civil Practice Laws and Rules § 5205(c)(2). In support of his position, the Trustee alleges that the IRA does not meet the requirements of New York C.P.L.R. § 5205(c)(2). The Trustee alleges that the IRA was not created with funds rolled over from a qualified plan but rather was opened with the

debtor's personal funds. The Trustee also asserts that the IRA does not comply with applicable provisions of the Internal Revenue Code as mandated by the statute. The debtor opposes the Trustee's position. Although he acknowledges that the IRA was opened with his personal funds, the debtor argues that the portion of the IRA which is traceable to qualified retirement plans is exempt property under the statute regardless of the IRA's origins. The debtor also contends that the IRA complies with the relevant sections of the Internal Revenue Code.

## FACTUAL BACKGROUND

The parties have stipulated to the facts in this case. On October 8, 1992, the debtor filed with this court a petition for relief under Chapter 7 of the United States Bankruptcy Code. On October 21, 1992, Jeffrey Sapir was appointed interim trustee pursuant to 11 U.S.C. § 701(a). He now serves as Trustee in this Chapter 7 case by operation of law under 11 U.S.C. § 702(d). On October 23, 1992, the debtor filed schedules and a statement of his financial affairs as required by Federal Rule of Bankruptcy Procedure 1007. On the schedules, the debtor claimed an IRA valued at $186,000.00 to be exempt property pursuant to New York C.P.L.R. § 5205(c)(2).

The debtor opened the IRA in 1987 with Prudential–Bache Securities (the "Prudential Account"). In 1987, he contributed $2,000.00 to the IRA which he utilized to decrease his tax burden for the 1986 tax year. In 1988, the debtor made another $2,000.00 contribution to the IRA which he utilized to decrease his tax burden for the 1987 tax year. Each IRA was used to purchase shares in different mutual funds.

Prior to the filing of his petition in bankruptcy, the debtor was employed by AJAYEM Lumber Corp. ("AJAYEM"). In connection with his employment with AJAYEM, the debtor had an interest in two retirement plans, a pension plan and a plan qualified under Internal Revenue Code § 401(k) ("401(k) plan"). The pension plan was terminated in 1976. Following the plan's termination, the debtor's distributive share was placed in a trust account. In 1988, the debtor's share, approximately $80,000.00, was distributed to him. Thereafter, the debtor deposited, or rolled over, the funds into the Prudential Account.

The debtor also participated in a 401(k) plan maintained by AJAYEM. The 401(k) plan was terminated in 1991 when AJAYEM filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. At that time, the debtor received from the 401(k) plan a distribution of $24,324.00 which he subsequently deposited into the Prudential Account. After this deposit, the Prudential Account contained approximately $186,000.00.

After he filed his petition in bankruptcy, the debtor liquidated the portion of the Prudential Account that he had personally funded which consisted of the shares of the two mutual funds purchased through the account in 1987 and 1988. These shares were sold for $3,300.00. Having been advised by his counsel that these funds did not constitute exempt property, the debtor turned this money over to the Trustee. The debtor now claims that the funds which remain in the IRA, namely the proceeds of the pension plan and the 401(k) plan, are exempt property under New York C.P.L.R. § 5205(c)(2).

The Trustee has objected to the debtor's claimed exemption for several reasons. The Trustee initially argues that the debtor has failed to substantiate his claim that the IRA constitutes exempt property. The Trustee contends that the burden of proof with respect to this issue lies with the debtor. The Trustee further argues that the IRA is not exempt under New York C.P.L.R. § 5205 because it was not created as a result of a rollover from a qualifying plan. Rather, the IRA was originally funded by the debtor personally. The Trustee maintains that because the debtor commingled the proceeds of the pension plan and the 401(k) plan with money already deposited in the IRA, these funds lost their character as exempt property. The Trustee also asserts that the IRA is not exempt under New York C.P.L.R. § 5205(c)(2) because it does not comply with the elements

of § 408(d)(3) of the Internal Revenue Code which requires that contributions to a plan which constitute a rollover from a qualified plan be maintained separate and distinct from other property.

The debtor, in opposition to the Trustee's position, contends that the funds which make up the IRA are exempt for several reasons. First, the debtor argues that pursuant to Federal Rule of Bankruptcy Procedure 4003(c), the Trustee, as the party objecting to the debtor's claimed exemption has the burden of proving that the exemption has not been properly claimed. Second, the debtor asserts that the IRA is exempt under New York C.P.L.R. § 5205(c)(2) because it is comprised of proceeds from qualified retirement plans. The debtor contends that under the statute, the IRA need not have been originally funded with money rolled over from a qualified plan. The debtor argues that the money traceable to the pension plan and the 401(k) plan does not lose its character as exempt property merely because he did not use these funds to open the IRA.

The debtor also points out that the legislative intent which underlies the statute supports his position. The debtor contends that in enacting the statute, the legislature intended to afford protection from creditors to funds rolled over from qualified plans. The debtor finally argues that it is irrelevant whether the IRA complies with § 408(d)(3) of the Internal Revenue Code because the IRA meets the conditions of § 402(a)(5) or 403(a)(4) of the Internal Revenue Code which are alternate provisions enunciated by New York C.P.L.R. § 5205(c).

## DISCUSSION

### Burden of Proof

■ Objections to exemptions are governed by Federal Rule of Bankruptcy Procedure 4003 which provides that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R.Bankr.P. 4003(c). In accordance with the statute, courts have held that the party objecting to the exemption bears the burden of proving that the debtor is not entitled to the exemption. *In re Corbi,* 149 B.R. 325, 329 (Bankr.E.D.N.Y.1993); *In re Fill,* 84 B.R. 332, 338 (Bankr.S.D.N.Y. 1988). In this case, the Trustee is the party objecting to the debtor's claimed exemption and thus bears the burden of proof as to this exemption.

The Trustee cites *In re Pan Am Development et al.,* 91–B–131990, (Bankr. S.D.N.Y.1993). However, the Trustee's reliance on this unreported decision is misplaced. In the *Pan Am* decision, Pan Am Trade Development ("Pan Am"), a corporate debtor, obtained a judgment against Jeffrey Adams ("Adams"), an individual. Adams owned an IRA containing substantial funds. Pan Am claimed that the contents of the account were non-exempt property and sought a turnover of the funds. Adams asserted that the funds were exempt under New York C.P.L.R. § 5205(c)(2). The court held that Adams bore the burden of proving that the funds constituted exempt property under New York law.

The *Pan Am* case is distinguishable from the case at bar. The *Pan Am* case was not a proceeding where an interested party objected to the debtor's claimed exemption. Rather, the *Pan Am* case was a turnover proceeding brought by a debtor against an individual for amounts due and owing. Federal Rule of Bankruptcy Procedure 4003(c), which places the burden of proof on the party objecting to the proposed exemption, did not apply in the *Pan Am* case because that case did not address the status of a debtor's claimed exemption as this case does. Accordingly, the *Pan Am* decision is not controlling with respect to the instant case.

### Status of Claimed Exemption

Upon the commencement of a case in bankruptcy, all property of the debtor becomes property of the estate under 11 U.S.C. § 541. Pursuant to 11 U.S.C. § 522(b), an individual debtor may elect to claim certain property listed by the statute as exempt property. The statute permits a

142

state to mandate that its own laws govern exemptions, or "opt out" of the federal exemption scheme. New York has opted out of the federal exemption provisions. New York Debtor and Creditor Law § 284. Accordingly, in this case, because the debtor is a New York resident, New York state exemption laws govern.

Under § 282 of the New York Debtor and Creditor Law, a debtor may invoke the exemptions enumerated in New York C.P.L.R. § 5205(c)(2), which provides in relevant part as follows:

> For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of a Keogh (HR–10), retirement or other plan established by a corporation which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, or *created as a result of rollovers from such plans pursuant to 402(a)(5), 403(a)(4) or 408(d)(3) of the Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor.*

New York C.P.L.R. § 5205(c)(2) (emphasis added). In this case, the status of the debtor's claimed exemption under New York C.P.L.R. § 5205(c)(2) turns upon whether the account in issue was "created" with rollover funds in accordance with Internal Revenue Code §§ 402(a)(5), 403(a)(4) or 408(d)(3). This court must also decide whether the rollover complied with any of the three provisions of the Internal Revenue Code enumerated by the statute.

### Creation of the Estate

Whether or not the debtor's IRA was created with rollover funds rests upon the construction of New York C.P.L.R. § 5205(c)(2). The Trustee urges this court to interpret the word "created" to mean opened. The Trustee argues that under the literal language of the statute, in order to be exempt, an IRA must be originally funded with proceeds of a rollover account. Accordingly, the Trustee asserts that the funds in the debtor's IRA do not constitute exempt property because the account was initially funded with his personal contributions.

The debtor argues that this court should interpret the word "created" broadly. The debtor contends that the word is ambiguous. Therefore, the debtor reasons that this court must look to the legislative history and intent behind New York C.P.L.R. § 5205(c)(2). The debtor maintains that the policy behind the statute is to protect rollovers from qualified retirement plans from creditors. This policy, the debtor argues, supports his position that the funds in the account constitute exempt property.

This court agrees with the debtor that New York C.P.L.R. § 5205(c)(2) should be interpreted broadly. The word "created" is vague. It may mean to originate or it may mean to be comprised of. When a law contains a phrase that is ambiguous, courts may look to the legislative intent behind the statute to interpret it. *See Foster v. Chesapeake Ins. Co., Ltd*, 933 F.2d 1207, *cert. denied*, — U.S. —, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *National Foods, Inc. v. Rubin*, 936 F.2d 656 (2d Cir.1991). Thus, this court, in interpreting New York C.P.L.R. § 5205(c)(2), will consider the legislative history and intent behind the law.

New York C.P.L.R. § 5205(c)(2) was amended twice in 1989. The first amendment specifically afforded retirement plans qualified under Internal Revenue Code § 401 protection from creditors. N.Y.L. 1989, c. 280, § 1. The policy behind the revised statute is articulated in the following passage which was written in connection with the enactment of the initial amendment:

> To counter the increasing callous manner with which bankruptcy courts are including qualified plan interests as assets available to bankruptcy creditors and to insure protection of qualified retirement

creditors, and to insure protection of qualified retirement plans from the problems raised by the Internal Revenue Service's entrenched position regarding potential plan disqualification, the C.P.L.R., E.P.T.L., and the Debtor and Creditor Law should be amended to explicitly indicate that *qualified retirement plans are to be considered spendthrift trusts for purposes of federal bankruptcy law, and further, that all interests in or payments from such plans are exempt property.* These changes remove any opportunity for an aggressive bankruptcy judge to create artificial distinctions in order to include qualified retirement plan interests in a bankruptcy estate, or otherwise limit a bankruptcy debtor's claimed exemptions.

*1989 New York Legislative Annual,* 158–59 (emphasis added).

The second amendment to the statute made rollovers from qualified plans exempt from creditors. N.Y.L.1989, c. 84. A memorandum written in support of the amendment stated that the purpose behind the modification was "[t]o make the protection of IRAs of qualified retirement plans explicit in order to avoid potential disqualification by bankruptcy judges and the Internal Revenue Service." *Exhibit A,* Debtor's Memorandum of Law.

The policy behind the amendments to New York C.P.L.R. § 5205(c)(2) is clear. The legislature intended to protect qualified plans and rollovers from such plans from creditors. With respect to rollover funds, the legislative history is silent as to whether in order to remain exempt, the rollover funds must be used to open the IRA or whether they may be deposited into a pre-existing IRA opened with personal funds. To differentiate between an account opened with rollover funds and an account to which rollover funds were added would seem to be the type of "artificial distinction" which the legislature intended to avoid when it amended New York C.P.L.R. § 5205(c)(2). In light of the policy behind the statute to ensure that funds from qualifying plans and rollovers from such plans continue to be exempt from

creditors, it is appropriate to conclude that the debtor's IRA was "created" with rollover funds as contemplated by New York C.P.L.R. § 5205(c)(2).

Under New York C.P.L.R. § 5205(c)(2), in order to be exempt from creditors, the rollover account must comply with Internal Revenue Code §§ 402(a)(5), 403(a)(4) or 408(d)(3). Because the statute is written in the disjunctive rather than the conjunctive, it should be construed as setting forth separate and distinct alternatives. *See U.S. v. Behnezhad,* 907 F.2d 896 (9th Cir.1990). Accordingly, in this case, if the rollover complies with any one of the aforementioned provisions of the Internal Revenue Code, it will be exempt property under New York C.P.L.R. § 5205(c)(2). Pursuant to Federal Rule of Bankruptcy Procedure 4003, the Trustee has the burden of proving that the rollover funds in question do not meet the requirements of all three provisions of the Internal Revenue Code.

The Trustee has not met this burden. Although the Trustee argues that the rollover does not satisfy Internal Revenue Code § 408, he presented no proof or grounds that the rollover did not comply with §§ 402 or 403. The Trustee has not met his burden with respect to this aspect of New York C.P.L.R. § 5205(c)(2). Accordingly, the Trustee's objection to the debtor's claimed exemption must be dismissed.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The Trustee, as the party objecting to the debtor's exemption, bears the burden of proving that the exemption has not been properly claimed under Federal Rule of Bankruptcy Procedure 4003.

3. The Trustee has failed to sustain his burden and show that the debtor's IRA does not constitute exempt property under New York C.P.L.R. § 5205(c)(2). The Trustee has failed to prove that the debt-

**144**

or's IRA does not satisfy the requirements of the statute. Accordingly, his objection to the exemption is dismissed.

SETTLE ORDER on notice.