**In the Matter of Richard Lynn KNIGHT, Nancy La Von Knight, Debtors.**

**Bankruptcy No. 87–245–C.**

United States Bankruptcy Court, S.D. Iowa.

June 30, 1987.

David J. Erbes, Des Moines, Iowa, for debtors.

David A. Erickson, W. Des Moines, Iowa, trustee.

### ORDER ON OBJECTION TO SCHEDULE B-4 PROPERTY CLAIMED AS EXEMPT

LEE M. JACKWIG, Bankruptcy Judge.

On April 14, 1987 an objection to schedule B-4 property claimed as exempt filed by the trustee on March 5, 1987 came on for hearing in Des Moines, Iowa. The trustee, David Erickson, appeared and David J. Erbes appeared on behalf of the debtors. The parties have submitted briefs. The matter is considered fully submitted.

The debtors filed a joint petition on January 30, 1987. Mr. Knight is an insurance salesman and a part-time teacher at a university. Pursuant to Iowa Code section 627.6(10),[1] the debtors claim an IBM personal computer and printer as exempt. The trustee contends that the computer is not a tool of the trade. The court disagrees.

### DISCUSSION

Iowa Code section 627.6(10) provides that:

> If the debtor is engaged in any profession or occupation other than farming, [the debtor may claim] the proper implements, professional books, or tools of the trade of the debtor or a dependent of the debtor, not to exceed in value ten thousand dollars in the aggregate [exempt].

Iowa's exemption statute is based upon the premise "that it is better that the ordinary creditor's claims should remain partially unsatisfied than that a resident of the state should be placed in such an impecunious position that he and his family became charges of the state." Note, *Personal Property Exemptions in Iowa: An Analysis and Some Suggestions*, 36 Iowa L.Rev. 76, 77 (1950). The Iowa Supreme Court has ruled that the purpose of the exemption statute "is to secure to the unfortunate debtor the means to support himself and the family; the protection of the family being the main consideration." *Shepard v. Findley*, 204 Iowa 107, 214 N.W. 676, 678 (1927).

In construing section 627.6(10), the court is mindful of the well settled proposition that Iowa's exemption statute must be liberally construed. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). Yet, this court must be careful not to depart substantially from the express language of the exemption statute or extend the legislative grant. *Matter of Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980), *citing Wertz v. Hale*, 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hospital v. Long*, 234 Iowa 843, 12 N.W.2d 171 (1944).

In *Baker v. Maxwell*, 183 Iowa 1192, 168 N.W. 160, 161 (1918), the Iowa Supreme Court stated:

> Nor does the statute require that in order to be exempt the tool or instrument shall be shown to be a necessity in such employment; it is enough if it is a 'prop-

---

1. Some confusion has arisen concerning the correct numbering of the subsections under Iowa Code section 627.6. The confusion apparently has resulted from the striking of former subsection 5. All Iowa statutory citations in this order are taken from the official Iowa Code (1987) unless otherwise noted.

**840**

er' tool or instrument. Any tool or instrument which is usually adapted to such use is a proper one.

The *Baker* court went on and recognized that Iowa's exemption statute placed no limits upon a debtor's ability to claim an exemption in new or improved types of tools. The court explained:

> No one would deny to the worker in concrete and cement an exemption for the time-honored hoe and shovel with which he mixes his materials, and it would be most unreasonable to say that, if the man whom you employ to lay your sidewalk should use a small modern revolving mixer operated by gas or electricity to do the work of the hoe and the shovel, it may be seized upon the execution simply because it is a new or more complicated or expensive implement. There is nothing in the statute requiring it, and the courts have no authority, and should have no desire, to impose any such limitation upon the worker's statutory right.

*Baker*, 168 N.W. at 161.

The ubiquity of computers in the business world attests to their importance to the effective and efficient operation of businesses. Had the debtor claimed ledger books, file cabinets and an adding machine as exempt, certainly no one could argue these items were not tools of his trade. Now that the computer has largely replaced such items, it also must qualify as a tool of the trade.

 The court acknowledges the trustee's assertion that a computer is not a necessary component of the debtor's insurance business. Granted, the use of ledgers, file cabinets and an adding machine probably is enough to allow the debtor a fresh start. However, the debtor need not show that the computer is a necessity. Under the authorities cited above, all that need be shown is that the tool or instrument be a "proper tool or instrument" that is usually adapted to the debtors' employment. A computer in an insurance office satisfies this standard.

CONCLUSION AND ORDER

WHEREFORE, based upon the foregoing analysis, it is hereby found that the debtor's IBM personal computer is exempt as a tool of the trade pursuant to Iowa Code section 627.6(10).

THEREFORE, the trustee's objection to the exemption is overruled.