**In re Harris GOLDMAN, Debtor.**

**Bankruptcy No. 94–14970–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

May 16, 1995.

Charles A. Dale, III, Hanify & King, Boston, MA, for debtor.

Michael B. Feinman, Andover, MA, for trustee.

## DECISION REGARDING MOTION FOR RECONSIDERATION

WILLIAM C. HILLMAN, Bankruptcy Judge.

### I. *Introduction*

On November 29, 1994, I issued an order denying the Debtor's claim of exemption in his Individual Retirement Account ("IRA") to the extent that it exceeded 7% of his total income during the five years preceding the date on which he filed for relief under the Bankruptcy Code pursuant to the last sentence of M.G.L. ch. 235, § 34A (the "Order"). The Debtor subsequently filed a motion for relief from the Order (the "Motion"). The chapter 7 trustee, Michael Feinman (the "Trustee"), opposes the relief sought by the Debtor. I issued an order providing that I would treat the Motion as a motion to reconsider and would take the matter under advisement. The following constitutes my findings of fact and conclusions of law.

### II. *Background*

Before 1991, the Debtor held an interest in a professionally administered defined benefit pension plan (the "Plan"). In 1991, the Plan was terminated. To avoid taxation of his distribution, the Debtor directed that his interest in the Plan be transferred directly into the IRA. At no time between his interest in the Plan and the establishment of the IRA did the Debtor receive a distribution of the funds. The balance of the IRA is approximately $286,000.

On July 28, 1994 (the "Petition Date"), the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code (the "Code"). In his petition, the Debtor elected to claim an exemption in the IRA pursuant to M.G.L. ch. 235, § 34A (the "Statute").[1]

---

**1.** M.G.L. ch. 235, § 34A provides:

The right or interest of any person in an annuity, pension, profit sharing or other retirement plan maintained in accordance with the federal Employee Retirement Income Security Act of 1974, or in any annuity or similar contract purchased with assets distributed from any of the foregoing, or in any plan maintained by an individual as a Keough Plan, a Simplified Employee Plan, or an Individual Retirement Account shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken

On October 11, 1994, the Trustee filed an objection to, *inter alia,* the Debtor's claim of exemption in the IRA. As grounds, the Trustee stated that the last sentence of the Statute precludes the Debtor from an exemption in the entire amount transferred into the IRA because the transfer constituted sums deposited within five years of the Petition Date. Accordingly, the Trustee argued that the allowable exemption in the IRA can only be equal to 7% of the Debtor's gross income during the five year period preceding his bankruptcy filing. Because the Debtor and his wife reported a gross income of $759,217 for the five year period preceding the Petition Date,[2] the Trustee contended that the Debtor was entitled only to an exemption in the amount of $53,145.19 in the IRA.[3]

The Debtor filed a response to the Trustee's objection. In his response, the Debtor disagreed with the Trustee's interpretation of the Statute. He explained that it was the intent of the Legislature in enacting the last sentence of the statute to prevent a debtor from depositing large amounts of money in an exempt fund prior to bankruptcy. As the Debtor had converted funds from one exempt retirement account to funds in another exempt retirement account, the last sentence of the statute was inapplicable.

I subsequently held a hearing on the Trustee's motion and the Debtor's response. At that hearing, the parties repeated their arguments. I issued the Order and held that the IRA was subject to the limitation contained in the last sentence of the Statute.

Thereafter, the Debtor hired new counsel and filed the Motion. In the Motion, the Debtor argues that the Court incorrectly ruled that the Statute applied to the IRA due to the mistake or inadvertence of the Debtor's prior counsel. As grounds, the Debtor states that prior counsel failed to show that the Debtor never made any deposits into his IRA and the that the IRA was comprised of assets realized from his Plan distribution.

Citing to prior versions of the Statute and its legislative history, the Debtor further explains his analysis. First, he argues, the last sentence of the Statute is inapplicable to a "rollover" of pension funds. Rather, the sentence applies only when a debtor places newly acquired assets in an individual account in an attempt to fund an inadequate retirement plan. Because the IRA was established with "assets distributed from" a qualified pension plan, and at no time did the Debtor ever deposit his own income into the IRA, the IRA must be exempt. To interpret the statute otherwise, the Debtor suggests, would have the effect of punishing honest but unfortunate debtors.

In his memorandum of law, the Trustee argues that the fact that the Plan was rolled over into an IRA is not in dispute; rather, the issue simply is whether the last sentence of the Statute applies. In support of his contention that the sentence is applicable, the Trustee looks to the language of the statute in 1992, prior to its amendments.[4] In that

on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy (i) an order of a court concerning divorce, separate maintenance of child support under chapters two hundred and seventy-three or (ii), in the event of the conviction of such person of a crime, an order of a court requiring him to satisfy a monetary penalty or make restitution to the victim of such crime. The exemption in this section for plans maintained by an individual shall not apply to sums deposited in said plans in excess of seven percent of the total income of such individual within five years of the individual's declaration of bankruptcy or entry of the judgment.

2. Whether it is because the Statute refers to total income or the Debtor's wife contributed to little or none of the Debtor's total income, I will use the amount of the total income for the Debtor which both parties have agreed upon without

subtracting therefrom the amounts earned the Debtor's wife.

3. The Trustee argued in the alternative that the provisions of the Employee Retirement Income Security Act of 174 (ERISA), as amended, preempt the provisions of the Statute. I overruled this objection to the exemption adopting the decision in *In re Printy,* 171 B.R. 448 (Bankr. D.Mass.1994) rather than that of *In re Hennessey,* 135 B.R. 711 (Bankr.D.Mass.1992).

4. Prior to its amendment in 1992, the Statute read as follows:

The right or interest of any person in any annuity, pension, profit sharing or other retirement plan maintained in accordance with [ERISA] ... or in an individual retirement account established and maintained in accordance with Section 408 of the Internal Reve-

version, the Legislature included within the group of protected retirement accounts an individual retirement account which was purchased with the assets of a retirement plan maintained in accordance with ERISA. It did not have the final sentence which is at issue in this case.

The Trustee continues that when the Legislature amended the statute they not only added the last sentence but they provided for the protection of three plans which could be maintained by individuals. They did not include, however, those three plans within the protected class of plans created as a result of rollovers of plans maintained in accordance with ERISA. Because the Legislature chose not to include the individual plans within the rollover provision, the Trustee concludes that the final sentence of the Statute cannot be read to except from its provisions individual plans which were created as a result of rollover as opposed to plans which were created from current income or other "sums deposited".

### III. *Legal Analysis*

■ First, I am not persuaded that the requirements for reconsideration have been met in this case. *See In re Wedgestone Financial*, 142 B.R. 7 (Bankr.D.Mass.1992). That is, the Debtor has not presented newly discovered evidence or raised a manifest error of law or a mistake in fact. Because, however, I agreed to take this matter under advisement, I will not deny the Motion on that ground.

■ I am being asked to interpret a law of the Commonwealth of Massachusetts and therefore, I must rule as I believe the Supreme Judicial Court would rule. *In re Miller*, 113 B.R. 98 (Bankr.D.Mass.1990).

■ The Supreme Judicial Court has stated that "the familiar rule of statutory construction requires us to interpret a law so as to effectuate the intent of the Legislature in enacting it." *International Organization of Masters, et al. v. Woods Hole, Martha's Vineyard & Nantucket Steamship Authority*,

392 Mass. 811, 813, 467 N.E.2d 1331, 1332 (1984). The court further stated that the "intent of the Legislature is to be determined primarily from the words of the statute, given their natural import in common and approved usage, and with reference to the conditions existing at the time of enactment ... Wherever possible, we give meaning to each word in the legislation; no word in a statute should be considered superfluous." *Id.* at 813, 467 N.E.2d 1331. To the extent that the statute is ambiguous, the court would look to the historical and legal environment in which it was enacted to discern the Legislature's intent. *Id.* at 815, 467 N.E.2d 1331.

■ As I read the Statute, it provides for two types of exemptions. The first is for any annuity, pension, profit sharing or other retirement plan maintained in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA") or any "annuity or similar contract purchased with assets distributed from any of the foregoing". The second exemption is for any "plan maintained by an individual as a Keogh Plan, a Simplified Employee Plan, or an Individual Retirement Account."

The reason for reading the first sentence of this statute as I have is plain. The clause "annuity or similar contract purchased with assets distributed from any of the foregoing" does not follow the description of all of the plans, both ERISA and individual plans rather, it only follows the clause describing ERISA plans. Therefore, the rollover language only applies to those plans maintained in accordance with ERISA.

Moreover, when it amended § 34A in 1992, the Legislature could have placed the rollover clause after all described plans but it did not do so. Likewise, because Individual Retirement Accounts are separately listed in the Statute, I do not believe that they would fall under the ambit of "annuity or similar contract" otherwise, the subsequent phrase would be rendered moot.

The last sentence of the statute is also clear and unambiguous. The "plans" would

---

nue Code as codified as 26 U.S.C. § 408, or in any annuity or similar contract purchased with assets distributed from any of the foregoing,

shall be exempt from the operation of any law relating to insolvency ...

have to mean the three enumerated individual plans. Of those plans, any sums deposited in the plans in excess of seven percent of the total of the individual's income within five years of the filing of the petition are not exempt.

Contrary to the Debtor's valiant argument, the applicability of the last sentence does not depend upon the source of the funds. It only refers to deposits and what will be considered an unexemptable amount. It is not restricted to deposits of income or newly acquired assets. Given the instruction of the Supreme Judicial Court, I must give the words "sums deposited" their ordinary meaning and refrain from interpreting them more narrowly.

Both parties urge me to decide whether the Plan was maintained in accordance with ERISA. Because I believe the first two clauses of the statute are inapplicable to this issue, I need not decide the same.

IV. *Conclusion*

I cannot interpret a clear and unambiguous statute to achieve what may perhaps have been the drafters' intent. That argument must be made to the General Court.

For the foregoing reasons, I hold that the last sentence of the Statute does apply to the IRA. The Debtor's exemption in the same is limited to 7% of his income during the five years preceding the Petition Date. Accordingly, the Motion is denied.

I will schedule a hearing to consider the Debtor's motion to amend his petition and the Trustee's objection thereto.