**In re Peter D. BARSHAK, Debtor.**

**Bankruptcy No. 94–18502 DWS.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 7, 1995.

Jay G. Ochroch, Susan B. Naftulin, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for debtor.

D. Ethan Jeffrey, Ciardi, Maschmeyer & Karalis, P.C., Philadelphia, PA, for the Chapter 7 Trustee.

Joseph Minni, U.S. Trustee, Philadelphia, PA.

### OPINION

DIANE WEISS SIGMUND, Bankruptcy Judge.

Before the Court is the Objection of the Chapter 7 Trustee to Debtor's Exemptions. The Trustee objects to Debtor's listing as exempt under 42 Pa.C.S.A. § 8124(b)(1)(ix) all monies contained in a certain Individual Retirement Account (the "IRA"). The parties agreed that this matter may be decided on the pleadings without oral argument.

---

## BACKGROUND.

Pursuant to a Stipulation of Facts between the Trustee and Debtor, we discern the following relevant facts. For at least 15 years prior to December, 1989, Debtor owned an interest in a certain stock ownership plan (the "Consolidated Plan") from his employer, Consolidated Printing, Inc. ("Consolidated Printing"). The Consolidated Plan was an ERISA qualified employee benefit plan which qualified for preferred tax treatment under § 401(a) of the Internal Revenue Code ("IRC"). In no one year did Consolidated Printing's contribution into the Consolidated Plan on behalf of Debtor exceed $15,000. On September 21, 1992, Debtor, whose employment had previously terminated with Consolidated Printing, received from the Consolidated Plan a check in the amount of $71,-134.75 representing his vested amount due thereunder. On September 30, 1992, Debtor, using a personal check, deposited these funds into the IRA.

Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on December 30, 1994. In his Schedules and Statement of Financial Affairs, Debtor, claimed his exemptions available under Pennsylvania Law, 42 Pa.C.S.A. §§ 8123 and 8124, including an exemption for the entire IRA (the "IRA Exemption"), as permitted by § 522(b) of the Bankruptcy Code.

The Trustee objects to the IRA Exemption to the extent Debtor's contribution of $71,-134.75 to the IRA in 1992 exceeds $15,000, i.e., $56,134.75. 42 Pa.C.S.A. § 8124(b)(1)(ix)(B) provides as follows:

(b) Retirement funds and accounts.—

(1) Except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

· · · · ·

(ix) Any retirement or annuity fund provided for under section 401(a), 403(a) and (b), 408 or 409 of the Internal Revenue Code of 1986 (Public Law 99–514, 26 U.S.C. § 401(a), 403(a) and (b), 408 or 409), the appreciation thereon, the income therefrom and the benefits or an-

nuity payable thereunder. This subparagraph shall not apply to:

· · · · ·

(B) Amounts contributed by the debtor to the retirement or annuity fund in excess of $15,000 within a one-year period.

The Trustee does not challenge the IRA Exemption on the grounds that the IRA is not provided for under the relevant sections of the IRC.

Debtor argues that his 1992 deposit of $71,134.75 into the IRA being a rollover from the Consolidated Plan, not a "contribution", should not be treated in the same manner as a contribution from other assets which are subject to the $15,000 limitation in § 8124(b)(i)(ix)(B). The Trustee urges this Court to apply the plain meaning of the statute and deny the IRA Exemption to the extent that funds in excess of $15,000 were contributed in any one year.

## DISCUSSION.

The sole issue for us to determine is whether Debtor's deposit of $71,134.75 in funds from an ERISA qualified plan into an IRA is a "contribution" subject to the $15,000 limitation in § 8124(b)(1)(ix)(B). The Trustee, as the party objecting to the IRA Exemption, has the burden of proving that the exemption was not properly claimed. Fed. R.Bankr.P. 4003(c).

No court applying Pennsylvania law has addressed our precise issue. Both Debtor and the Trustee cite to the recent decision in *Eisenberg v. Houck (In re Houck)*, 181 B.R. 187 (Bankr.E.D.Pa.1995), as supporting their respective positions. In *Houck*, debtor was covered by an ERISA qualified pension plan with his long time employer. When debtor's employment was terminated, he received a lump sum distribution from the plan in the amount of $9,721. Several days after receipt of the distribution, the debtor rolled it over into an individual retirement account. The court in *Houck*, relying upon *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), *Trucking Employees of North Jersey Welfare Fund, Inc. v. Colville*, 16 F.3d 52 (3d Cir.1994), and *Velis v. Kardanis*, 949 F.2d 78 (3d Cir.1991), *reh'g de-*

*nied,* (3d Cir. Dec. 26, 1991), concluded that the debtor's individual retirement account was property of the estate regardless of the fact that it was rolled over from an ERISA qualified plan.[1] Finding that the debtor's individual retirement account was property of the estate and an allowed exemption existing only under the Pennsylvania state law exemption scheme, not the Federal exemptions chosen by the debtor, the *Houck* court allowed the debtor ten days in which to amend his schedules to elect the Pennsylvania state exemptions.

Debtor argues that the court in *Houck* would not have allowed the debtor in that case to choose the state exemptions if it did not intend to exempt the individual retirement account funded by the rollover under Pennsylvania law. That being so, however, does not support Debtor's position in this case. In *Houck,* the amount of the rollover was $9,721; well below the $15,000 limitation imposed by § 8124(b)(1)(ix)(B). The court in *Houck* did not confront the issue before this Court, i.e., whether a yearly contribution derived from a rollover in an amount in excess of $15,000 would be fully exempt.

Further, the *Houck* court specifically referred to the limitations imposed by § 8124(b)(1)(ix)(B). The *Houck* court quoted § 8124(b)(1)(ix) and stated that "[o]utside of bankruptcy, if this case involved judgment execution under state law, the IRA would be at least partially protected because of the exemptions provisions of Pennsylvania state law." *Id.* at 193. The court also stated that

> The entire fund will not always be exempted. Certain "amounts" contributed to the "fund" are specifically excluded by the statute. For example, under the statute, contributions to an IRA within one year before a bankruptcy are reachable by creditors under state law. 42 Pa.C.S.A. § 8124(b)(1)(ix)(A).

*Id.* at 193 n. 16. The *Houck* court's specific mention of the limitations contained in § 8124(b)(1)(ix) indicates that it would apply them if applicable. They were not applicable in *Houck,* but they are here.

Based on the facts presented to it, the *Houck* court did not need to interpret Pennsylvania's exemption statutes and, therefore, offers us no assistance in that regard. A more relevant case is *In re Goldman,* 182 B.R. 622 (Bankr.D.Mass.1995). In that case, debtor, held an interest in an ERISA qualified plan. When the plan terminated, the debtor directed that his interest be transferred directly to his individual retirement account. In his subsequent bankruptcy, debtor declared the entire individual retirement account as exempt under the applicable Massachusetts statute, M.G.L. ch. 235, § 34A. Similar to the Pennsylvania statute, the Massachusetts statute contains a limitation on the allowed amount of the exemption. In this regard the Massachusetts statute states:

> ... The exemption in this section for plans maintained by an individual shall not apply to sums deposited in said plans in excess of seven percent of the total income of such individual within five years of the individual's declaration of bankruptcy or entry of the judgment.

182 B.R. at 622. The debtor in *Goldman* argued that the limitation in the Massachusetts statute does not apply to a "rollover" of pension funds. Rather, debtor argued, the limitation "only applies when a debtor places newly acquired assets in a [sic] individual account in an attempt to fund an inadequate retirement account." *Id.* The court rejected the debtor's argument choosing to apply the plain language of the statute. The court found it relevant that the Massachusetts statute contains a "rollover clause" but only with respect to ERISA qualified plans, not individual retirement plans. The Massachusetts Legislature, the court concluded, could have placed a rollover clause in the statute with respect to all pension plans, but did not do so. Consequently, the court limited the debtor's exemption to 7% of his income during the five years preceding the petition date.

■ We agree with the *Goldman* court that the focus of our inquiry is the language of the exemption statute. We must examine the language of § 8124 to determine whether Debtor's "contribution" of $71,123.75 in 1992

---

1. Debtor does not dispute that the IRA is proper- ty of his bankruptcy estate.

is fully exempt. In making this determination, we must keep in mind that it is well settled law that the plain meaning of a statute is conclusive. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

■ As stated above, Debtor urges this Court to distinguish between "contributions" and "rollover contributions" and to find that the limitation in § 8124(b)(1)(ix)(B) only applies to the former. In support of his position that a rollover contribution is not the same as a contribution under the exemption statute, Debtor looks to various sections of the IRC which treat rollover contributions differently from other contributions. For example, while IRC § 402(a) states that distributions from any employees' trust described in IRC § 401(a) are taxable as income to the distributee, § 402(c) states that, subject to certain conditions including a timing requirement, distributions rolled over into another qualified retirement account are not includible in gross income. IRC § 408(a)(1) places a dollar limit on the amount of contributions per taxable year, but specifically excepts rollover contributions. So long as the requirements of § 408(d)(3) are met, a rollover contribution can be made in any amount.

Debtor also argues that rollover contributions to individual retirement accounts receive special treatment under Pennsylvania law. Specifically, Debtor points to 61 Pa. Code § 101.6(c)(8)(III) under which distributions from an individual retirement account are taxable under state law unless the distribution is "transferred into another plan, where the transferred amounts are not included in income for Federal tax purposes." Because the IRC and certain Pennsylvania statutes treat rollover contributions differently from other contributions, Debtor concludes that Pennsylvania courts would also treat them differently when interpreting § 8124(b)(1)(ix)(B).

The plain language of the statute does not support such a conclusion. Nor does the fact that Pennsylvania and Federal statutes, in certain circumstances, distinguish between "contributions" and "rollover contributions" require that we make the same distinction under Pennsylvania's exemption statute. In fact, that the Pennsylvania legislature decided to and did create such a distinction in another statute, indicates that it knew how to and chose not to do so in Pennsylvania's exemption statute. Further § 8124 cites to specific provisions of the IRC, including IRC § 408 which distinguishes between contributions and rollover contributions, yet chose not to create such a distinction in the text of the exemption. The plain meaning of § 8124(b)(1)(ix)(B) is clear; amounts contributed by Debtor to the IRA in any one year in excess of $15,000 are not exempt. Easy application of this rule requires the conclusion that $56,134.75 contributed by Debtor to his IRA in 1992 is not exempt property.

Cases from other states do not require a different result. Debtor cites to *In re Solomon*, 166 B.R. 832 (Bankr.D.Md.). *aff'd, remanded*, 173 B.R. 325 (D.Md.1994), applying Maryland law, and *In re Modansky*, 159 B.R. 139 (Bankr.S.D.N.Y.1993), applying New York law, as supporting his position. Debtor's fundamental error is that the laws of Maryland and New York are different from that of Pennsylvania. As stated by the court in *Solomon*, "[t]here is no dollar limit on this State exemption." 166 B.R. at 839. The New York law at issue in *Modansky*, N.Y.CPLR § 5205(c), specifically includes as exempt individual retirement accounts created as a result of rollovers from ERISA qualified plans in accordance with various IRC sections. *See also In re Mann*, 134 B.R. 710, 713 (Bankr.E.D.N.Y.1991).

The Maryland and New York statutes evidence a policy choice made by those states' legislatures which the Pennsylvania legislature did not make. Debtor argues that a result such as the one we reach here is harsh. The debtor in *Goldman* raised a similar complaint arguing that denying part of the exemption "would have the effect of punishing honest but unfortunate debtors." *Goldman*, 182 B.R. at 622. Even assuming that is the case, the legislature, not this Court, is the appropriate body to ameliorate the harshness.

For the foregoing reasons, Debtor's claimed exemption for his IRA is denied to the extent of $56,134.75, such amount representing the difference between the $71,134.75

Debtor contributed to his IRA in 1992 and the $15,000 yearly exemption limitation under Pennsylvania law. An Order consistent with the foregoing shall be entered.

### ORDER

**AND NOW,** this 7th day of August, 1995, upon consideration of the Objection of the Chapter 7 Trustee to Debtor's Exemptions, and all pleadings submitted relating thereto, and for the reasons stated in the accompanying Opinion, it is hereby **ORDERED** that:

1. The Objection is **GRANTED;** and

2. Debtor's exemption for his Individual Retirement Account is **DENIED** to the extent of $56,134.75.